PAINE and another vs. TRUMBULL.

(1) PLEADING: *When statement of time material.* (2) *Printed case.*

1. In an action to recover compensation for legal services alleged to have been rendered by plaintiff for defendant, where the complaint averred that such services were rendered "within six years last past:" *Held,* that these words are made "descriptive of the identity of the subject of the action," and plaintiffs could not recover for services rendered more than six years before the commencement of the action.

Paine and another vs. Trumbull.

2. The printed case containing forty-four pages of testimony in the form of questions and answers, all the material portions of which could easily have been condensed into eight or ten pages, the clerk of this court is directed, in the taxation of costs, to deduct thirty-five pages from the case, and allow only for the residue.

APPEAL from the Circuit Court for *Racine* County.

This action was brought to recover compensation for legal services alleged to have been rendered by the plaintiffs, who are attorneys, for the defendant. The complaint contains the following clause : " That such services were rendered and performed for the said defendant in the supreme court of the state of Wisconsin, in the circuit court for Racine county, and in the circuit court for Kenosha county, *within six years last past.*" The answer is a general denial and a set-off.

The court admitted testimony offered by the plaintiffs, against the objection of the defendant, of services rendered more than six years before the action was commenced, and refused to give the following instruction prayed for by the defendant : " The plaintiffs having alleged in their complaint, as ground of recovery, the performance of professional services rendered and performed for the defendant within six years last past, said plaintiffs are limited to a recovery, if any, for services rendered within six years next before the commencement of this action." Verdict, and judgment thereon, for the plaintiff. The defendant appealed.

*Fish & Lee*, for appellant, to the point that where a party makes time a part of the essential description of his cause of action, it must be proven as alleged, cited 1 Greenl. Ev., §§ 56–58. A party cannot be permitted to recover for a cause of action not set out in his complaint. 14 Wis., 586 ; 6 id., 393. This is not a case of variance, but one of proof of another and additional cause of action. 28 Wis., 113.

*Paine & Millet*, respondents, in person. [No brief.]

LYON, J. In general, an allegation of *time* in a pleading is

immaterial, and need not be proved strictly as alleged. But when time is made descriptive of the identity of the subject of the action, it thereby becomes material, and must be proved as stated. 1 Greenl. Ev., §§ 56 to 61, inclusive. In this case the plaintiffs expressly limited their cause of action to such services as they had rendered for the defendant within the six years immediately preceding the commencement of their action, and thus made that period "descriptive of the identity of the subject of the action." They could not, therefore, legally be permitted to recover for any services which were not rendered within the time limited by their complaint.

There is an exception to another ruling of the court, and also a question of costs. But it is not deemed necessary to consider these.

The printed case contains forty-four pages of oral testimony given in the form of questions and answers. By far the largest portion of it is entirely immaterial to the questions presented to this court for determination. All the material portions could easily have been condensed on eight or ten pages. So flagrant a violation of the rule of this court on that subject, we cannot permit to pass without notice. In the taxation of costs the clerk will deduct thirty-five pages from the case, and allow only the residue.

*By the Court.* — The judgment of the circuit court is reversed, and a new trial awarded.